UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TAMMY EICKMEYER, | Case No. 14-12402 |
| Plaintiff, | Judith E. Levy |
| v. | United States District Judge |
| COMMISSIONER OF SOCIAL SECURITY, | Stephanie Dawkins Davis<br>United States Magistrate Judge |
| Defendant. | |
| _____/ | |

**REPORT AND RECOMMENDATION
RULE 41(b) AND DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT (Dkt. 18)**

**I.    PROCEDURAL HISTORY**

   A.    Proceedings in this Court

On June 19, 2014, plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits. (Dkt. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge Judith E. Levy referred this matter to Magistrate Judge Michael Hluchaniuk for the purpose of reviewing the Commissioner's decision denying plaintiff's claim for benefits. (Dkt. 3). This matter was reassigned to the undersigned Magistrate Judge on January 5, 2016, pursuant to administrative order. (*See* Text-Only Order dated January 5, 2016). Plaintiff was initially represented by counsel in this matter. However, the matter was subsequently stayed and a three-judge panel of this court

determined that plaintiff's counsel was no longer permitted to represent her. (Dkt. 13, 14). Counsel has since withdrawn. (Dkt. 16).

After the withdrawal by counsel, the undersigned issued an order striking the previously filed motions for summary judgment (Dkt. 9, 11), and setting a new briefing schedule for the parties. (Dkt. 17). New counsel did not appear for plaintiff, who is now deemed to be proceeding in this matter *pro se*. Plaintiff's motion for summary judgment was due on March 1, 2016. The scheduling order specifically provided that "**PLAINTIFF'S FAILURE TO TIMELY FILE A MOTION FOR SUMMARY JUDGMENT WILL RESULT IN A RECOMMENDATION OF DISMISSAL.**" (Dkt. 17) (emphasis in original). The deadline for plaintiff to file a motion for summary judgment has passed and she has neither filed a motion nor contacted the Court. The Commissioner filed her motion for summary judgment on March 9, 2016. (Dkt. 18).

B.  Administrative Proceedings

Plaintiff filed the instant claims on August 19, 2011, alleging that she became unable to work on August 20, 2010. (Dkt. 6-2, Pg ID 45). The claim was initially disapproved by the Commissioner on December 7, 2011. *Id*. Plaintiff requested a hearing and on January 11, 2013, plaintiff appeared via video before Administrative Law Judge (ALJ) Keith J. Kearney, who considered the case *de novo*. (Dkt. 6-2, Pg ID 62-81). In a decision dated February 14, 2013, the ALJ

found that plaintiff was not disabled.  (Dkt. 6-2, Pg ID 42-55).  Plaintiff requested a review of this decision on February 25, 2013.  (Dkt. 6-2, Pg ID 40-41).  The ALJ's decision became the final decision of the Commissioner on April 18, 2014, when the Appeals Council denied plaintiff's request for review.  (Dkt. 6-2, Pg ID 34-39); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

This matter is now ready for report and recommendation.  The Court concludes that substantial evidence supports the decision of the Administrative Law Judge.  The Court therefore **RECOMMENDS** that the findings of the Commissioner of Social Security be **AFFIRMED** or, in the alternative, that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed.R.Civ.P. 41(b).

**II.   FACTUAL BACKGROUND**

Plaintiff was born in 1965 and was 44 years of age on the disability onset date. (Dkt. 6-2, Pg ID 54).  Plaintiff's last date insured is December 31, 2016.  *Id*. at 47.  At step one of the sequential evaluation process, the ALJ found that plaintiff had not engaged in substantial gainful activity after the alleged onset date through the date of his decision.  *Id*.  At step two, the ALJ found that plaintiff had the following severe impairments: degenerative disc disease of the thoracic and lumbar spine; degenerative joint disease of the right knee; depressed mood; and adjustment disorder with mixed anxiety.  *Id*. at 47.  The ALJ found that plaintiff

had the following residual functional capacity (RFC):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform unskilled sedentary work as defined in 20 CFR 404.1567(a). She can occasionally climb ramps and stairs. The claimant can never climb ladders, ropes, or scaffolds. She can occasionally balance, kneel, stoop, and crouch. The claimant cannot crawl. She requires the option to sit or stand at will provided that this does not take her off task for more than 10% of the work day. The claimant must avoid hazards such as unprotected heights and dangerous moving machinery. She must avoid extreme temperatures and excessive vibration. The claimant can tolerate normal workplace hazards such as boxes on the floor, moving vehicles, swinging doors, people moving around, etc. She can hear and understand simple oral instructions. The claimant can carry out simple routine repetitive tasks. She cannot perform production rate paced work. The claimant can perform "goal oriented" type work tasks. She can occasionally interact with the public, coworkers, and supervisors.

*Id*. at 50. At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listed Impairment. *Id*. at 48. At step four, the ALJ found that plaintiff was unable to perform any of her past relevant work. *Id*. at 53. Considering plaintiff's age, education, work experience, and RFC, the ALJ determined that jobs existed in significant numbers in the national economy that she could perform. *Id*. at 54-55. As such, the ALJ concluded that plaintiff had not been under a disability from August 20, 2010 through the date of his decision. *Id*.

4

## II.   DISCUSSION

### A.   Standard of Review

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*, 486 F.3d at 247, quoting Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4.

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, this Court may not reverse the

Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475. "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted), citing *Mullen*, 800 F.2d at 545.

    B.    <u>Merits of Plaintiff's Claims</u>

The undersigned recommends that the court affirm the ALJ's findings of fact and conclusions of law. The undersigned has reviewed the record evidence, the Commissioner's motion for summary judgment, and the ALJ's decision.[1] The undersigned focused the analysis on the points at which the ALJ made conclusions

---

[1] A review of the merits of plaintiff's case in the absence of a motion for summary judgment from plaintiff is supported by *Wright v. Comm'r of Soc. Sec.*, 2010 WL 5420990, at *3 (E.D. Mich. Dec. 27, 2010), where the court held that dismissal for failure to file a motion for summary judgment is unwarranted because the plaintiff has "no burden to do anything in order to obtain judicial review of the administrative decision except file a timely complaint." Other judges in this district have concluded, however, that dismissal of Social Security complaints pursuant to Fed.R.Civ.P. 41(b) is appropriate. *See Salmo v. Comm'r of Soc. Sec.*, 2012 WL 6929176, at *2 (E.D. Mich. Nov. 27, 2012) (collecting cases dismissing Social Security complaints under Rule 41(b)); *see also Brinkley v. Comm'r of Soc. Sec.*, 2015 WL 1637598 (E.D. Mich. Apr. 13, 2015) (Michelson, J.).

adverse to an ultimate finding of disability, and agrees that substantial evidence supports the ALJ's conclusions as they relate to the weighing of the medical opinions in the record, the step five determination, and plaintiff's credibility.

The first step at which the ALJ's findings diverge from the path leading to a finding of disability in plaintiff's case is at step two, where the ALJ determined that certain of plaintiff's impairments – hip pain, varicose veins, and headaches – were non-severe. As to plaintiff's hip pain, the ALJ noted that her x-rays were normal and the pain was thought to be due to a dermoid cyst, which was removed. Thus, the ALJ concluded that plaintiff's hip problems were not medically determined. (Dkt. 6-2, Pg ID 48). In the view of the undersigned, the ALJ's conclusion that plaintiff's hip pain is nonsevere is supported by substantial evidence because: (1) plaintiff did not indicate at the hearing that hip pain was problematic or causing an inability to work or other specific limitations; (2) plaintiff's treating physician did not opine in the medical source statement that hip pain was causing her any limitations; and (3) the x-ray of plaintiff's hip was normal. Under these circumstances, the ALJ's conclusion is supported by substantial evidence.

As to plaintiff's varicose veins, the ALJ concluded that this condition was nonsevere because there was no evidence that it limited plaintiff in any way. She was able to walk without assistance. And, she was referred to a vascular surgeon

but there was no evidence that she followed through with any treatment. Thus, the ALJ concluded that plaintiff's varicose veins were nonsevere. (Dkt. 6-2, Pg ID 48). In the view of the undersigned, the ALJ's conclusion that plaintiff's varicose veins are nonsevere is supported by substantial evidence because: (1) plaintiff did not indicate at the hearing that her varicose veins were problematic or causing her inability to work or other specific limitations; (2) plaintiff's treating physician did not opine in the medical source statement that varicose veins were causing her any limitations; and (3) plaintiff was sent for diagnostic testing and referred to a vascular surgeon, but there is no evidence of any follow up treatment in the record. Under these circumstances, the ALJ's conclusion is supported by substantial evidence.

As to plaintiff's headaches, the ALJ concluded that this condition was nonsevere because they were secondary to pain injections in 2010, but plaintiff underwent a procedure that apparently resolved the problem. The ALJ pointed out that plaintiff told her doctor that she was no longer having headaches in June and October 2011. Thus, the ALJ concluded that this condition was nonsevere because it did not persist for more than 12 months. In the view of the undersigned, the ALJ's conclusion that plaintiff's headaches are nonsevere is supported by substantial evidence because: (1) plaintiff did not indicate at the hearing that her headaches were problematic or causing her inability to work or other specific

8

limitations; (2) plaintiff's treating physician did not opine in the medical source statement that headaches were causing her any limitations; and (3) plaintiff's headaches appeared to have resolved and were not causing any problems after June 2011. Under these circumstances, the ALJ's conclusion is supported by substantial evidence.

At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listed Impairment. (Dkt. 6-2, Pg ID 48). Under the theory of presumptive disability, a claimant is eligible for benefits if she has an impairment that meets or medically equals a Listed Impairment. *See Christephore v. Comm'r of Soc. Sec.*, 2012 WL 2274328, at \*6 (E.D. Mich. June 18, 2012). When considering presumptive disability at step three, "an ALJ must analyze the claimant's impairments in relation to the Listed Impairments and must give a reasoned explanation of his findings and conclusions in order to facilitate meaningful review." *Id*. (citing *Reynolds v. Comm'r of Soc. Sec.*, 424 Fed. Appx. 411, 416 (6th Cir. 2011)). An ALJ's failure to sufficiently articulate his step three findings is error. *See M.G. v. Comm'r of Soc. Sec.*, 861 F. Supp.2d 846, 858-59 (E.D. Mich. 2012). "For a claimant to show that his impairment matches a listing, it must meet *all* of the specific medical criteria." *Sullivan v. Zebely*, 493 U.S. 521, 530 (1990) (emphasis in original).

Here, the ALJ concluded that plaintiff's knee pain failed to meet Listing 1.02A, citing no evidence of anatomical deformity with chronic joint pain and joint space narrowing resulting in the inability to ambulate effectively. (Dkt. 6-2, Pg ID 48). As to plaintiff's back pain, the ALJ concluded that it was not severe enough to meet Listing 1.04 because the record was devoid of any evidence of nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis with accompanying ineffective ambulation. *Id*. Next, the ALJ considered whether plaintiff's mental impairments met Listings 12.04 or 12.06. The ALJ thoroughly considered the "B" and "C" criteria, concluding that plaintiff did not meet or equal either Listing. *Id*. at 48-49. The ALJ's listing analysis is thorough and supported by substantial evidence in the record. Thus, the undersigned finds no error at this step of the analysis.

Next, the undersigned finds that the ALJ's RFC findings are also supported by substantial evidence. The ALJ determined that plaintiff had the RFC to perform a limited range of sedentary work. The ALJ gave little weight to the various opinions of plaintiff's treating physician, Dr. van der Harst. After seeing plaintiff only one time, Dr. van der Harst opined that plaintiff could not engage in prolonged driving, mental focus, or handling of dangerous equipment. She also opined that plaintiff could not perform her past work as a welder on a permanent basis. Because Dr. van der Harst only saw plaintiff once before giving these

opinions, the ALJ gave her opinion little weight.

In August 2011, Dr. van der Harst opined that plaintiff could not work even four hours a day with restrictions until her pain, rehabilitative, nutritional and sleep needs were met. The ALJ gave this opinion little weight because it did not specify how long the restrictions were intended to last, the opinion was not supported by the record in that the conditions were addressed immediately and plaintiff's condition had improved shortly afterward. (Dkt. 6-2, Pg ID 52). The ALJ also pointed out that while Dr. van der Harst assigned upper extremity limitations in her August 2011 opinion, she also noted that plaintiff's EMG was normal and there was no evidence of carpal tunnel syndrome. Thus, the ALJ concluded that this opinion was based solely on plaintiff's subjective complaints. *Id.*

On the other hand, the ALJ gave significant weight to the opinion of Dr. Eric VanderHaagen, a reviewing physician, who opined that plaintiff was limited to sedentary work. The ALJ gave this opinion significant weight because it was consistent with plaintiff's history of back and knee surgery. *Id*. at 53. Additionally, the ALJ gave significant weight to Dr. van der Harst's opinion that plaintiff required a sit/stand option because this opinion was also consistent with plaintiff's history of back and knee surgery. *Id*.

Finally, the ALJ gave significant weight to the opinion of Dr. Joe DeLoach,

the reviewing mental health expert, who opined that plaintiff could perform simple, low-stress tasks where her contact with others would be limited. The ALJ found this opinion to be consistent with plaintiff's history of pain, depression, and anxiety, which limited her ability to concentrate and get along with others. *Id*.

In the view of the undersigned, the ALJ properly weighed the opinions of the treating and consulting physicians and considered the whole of the medical and other evidence in formulating the RFC. The ALJ gave good reasons and provided specific explanation for the weight given to each opinion. Thus, the undersigned finds that substantial evidence supports the RFC.

With respect to the Step Five findings, the ALJ concluded that considering the plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that plaintiff can perform. (Dkt. 6-2, Pg ID 54). To meet her burden at step five, the Commissioner must make a finding "'supported by substantial evidence that [Plaintiff] has the vocational qualifications to perform specific jobs.'" *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987) (quoting *O'Banner v. Sec'y of Health, Educ. & Welfare*, 587 F.2d 321, 323 (6th Cir. 1978)). The ALJ first noted that if plaintiff were able to perform the full range of sedentary work, a finding of "not disabled" would be directed by Medical-Vocational Rule 201.28. (Dkt. 6-2, Pg ID 54). However, the ALJ went on to explain that plaintiff's ability to perform all of

the requirements of sedentary work was impeded by additional limitations. The ALJ used a vocational expert to determine the extent to which the occupational base was eroded by plaintiff's additional limitations. The vocational expert testified that an individual with plaintiff's RFC could perform the jobs of security system monitor, machine attendant, and sorter. *Id*. The ALJ acknowledged that the vocational expert's testimony was inconsistent with the Dictionary of Occupational Titles, but concluded that there was a reasonable explanation for the discrepancy. The vocational expert reduced the number of existing jobs to accommodate plaintiff's need for a sit/stand opinion, based on her education and experience. The ALJ found the vocational expert's testimony credible because her sources of information were reliable. Thus, the ALJ concluded that a finding of not disabled was appropriate. The undersigned concludes that the ALJ's Step Five analysis is supported by substantial evidence, based on the vocational expert's testimony.

Finally, to the extent there is a question of whether the ALJ correctly assessed plaintiff's credibility, the undersigned notes that "[i]t is for the [Commissioner] and his examiner, as the fact finders, to pass upon the credibility of the witnesses and weigh and evaluate their testimony." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 536 (6th Cir. 2001) (quoting *Myers v. Richardson*, 471 F.2d 1265, 1267 (6th Cir. 1972)). As the Sixth Circuit has held, determinations of

credibility related to subjective complaints of pain rest with the ALJ because "the ALJ's opportunity to observe the demeanor of the claimant 'is invaluable, and should not be discarded lightly.'" *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 538 (6th Cir. 1981) (citation omitted). Thus, an ALJ's credibility determination will not be disturbed "absent compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001).

Here, the undersigned agrees with the Commissioner that the ALJ's conclusions regarding plaintiff's credibility are supported by substantial evidence. While the ALJ acknowledged that plaintiff suffered from medically determinable impairments, the ALJ determined that the objective medical evidence did not support the severity of plaintiff's claims. (Dkt. 6-2, Pg ID 50) (20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4) (in evaluating statements about pain or other symptoms, the ALJ will consider any inconsistencies in the evidence); Social Security Ruling (SSR) 96-7p, 1996 WL 374186, at *5 (July 2, 2006) (stating that one strong indication of the credibility of an individual's statements is their consistency, both internally and with other information in the case record). The ALJ discussed in detail the relatively minor findings in the objective medical evidence. (Dkt. 6-2, Pg ID 51). Plaintiff also admitted that she was noncompliant with her medications. *Id*. And, the ALJ concluded that plaintiff's daily activities – which included walking for miles without assistance, watching children, making

crafts, driving, and using a computer, participating in water aerobics, working with children at church – were not as limited as one would expect, given the complaints of symptoms and limitations. (Dkt. 6-2, Pg ID 52-53). The ALJ also pointed out that plaintiff's medicines were working well and had not changed and that plaintiff received only conservative treatment. *Id.* at 51. The ALJ also observed that plaintiff walked with a steady gait, without any assistance, despite her complaints. *Id*. The undersigned concludes that the ALJ's credibility findings are supported by substantial evidence and there is no compelling reason to disturb the ALJ's credibility analysis.

### C. Rule 41(b) Dismissal

Alternatively, the undersigned recommends that plaintiff's complaint be dismissed for failure to prosecute. "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-630. "[D]istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999), citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th

Cir.1991). Further, "a district court can dismiss an action for noncompliance with a local rule ... if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

Federal Rule of Civil Procedure 41 governs dismissals. As to involuntary dismissals, it provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - operates as an adjudication on the merits.

Fed.R.Civ.P. 41(b). "Neither the permissive language of [Rule 41(b)] – which merely authorizes a motion by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962). "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629; *see also Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district

court does have the power under [Fed.R.Civ.P. 41(b)] to enter a *sua sponte* order of dismissal.") (citing *Link*). Moreover, "district courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999), citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991). And, "a district court can dismiss an action for noncompliance with a local rule only if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

The Sixth Circuit considers "four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005), citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999). In this case, the Court warned plaintiff that his case would be dismissed if she failed to file her motion for summary judgment. (Dkt. 17). Thus, this factor weighs in favor of dismissal. With respect to the first factor, just as in *White v. Bouchard*, 2008 WL

2216281, *5 (E.D. Mich. 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault." *Id*. Regardless, "defendant[] cannot be expected to defend an action," that plaintiff has "apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id*. Thus, the first and third factors weigh in favor of dismissal. Finally, given plaintiff's failure to substantively participate in this case since the withdrawal of her attorney, the undersigned sees no utility in considering or imposing lesser sanctions. Thus, the undersigned concludes that none of the factors weigh against dismissal for failure to prosecute.

It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *White*, at *8, quoting, *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). However, a *sua sponte* dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *White*, at *5, citing *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984). While the undersigned is sympathetic to plaintiff's situation, she failed to file an initial brief, as ordered. Under the circumstances, in the view of the undersigned, dismissal without prejudice is an appropriate alternative disposition.

## IV.   RECOMMENDATION

For the reasons set forth above, the Court concludes that substantial evidence supports the decision of the Administrative Law Judge. The Court

18

therefore **RECOMMENDS** that the findings of the Commissioner of Social Security be **AFFIRMED** or, in the alternative, that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed.R.Civ.P. 41(b).

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the

same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

| | |
|---|---|
| Date: June 29, 2016 | s/Stephanie Dawkins Davis<br>Stephanie Dawkins Davis<br>United States Magistrate Judge |

## CERTIFICATE OF SERVICE

I certify that on June 29, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record and that I have mailed by United States Postal Service to the following non-ECF participant: Tammy Eickmeyer, 7138 3 Mile Road, Bay City, MI 48706.

s/Tammy Hallwood
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov